***E-FILED - 9/30/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KELVIN HOUSTON, | ) | No. C 09-3743 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| SUPREME COURT OF CALIFORNIA, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a prisoner of the State of California who is incarcerated in Vacaville, California. He has filed a pro se petition for a writ of mandamus. He has also filed an application for in forma pauperis. Plaintiff's application to proceed in forma pauperis is GRANTED. The court DISMISSES this action for the reasons stated below.

**BACKGROUND**

On December 7, 1984, plaintiff was sentenced to seventy-two years in prison for robbery, rape, sodomy, and oral copulation. (Pet., Ex. 1b.) He contends that a writ of mandamus is the proper vehicle by which to compel defendants to order the Superior Court of California to "follow through with the due process initiated by the Order of Court." (Pet., p. 2.) Plaintiff asserts that he filed a state habeas petition on December 22, 2008, alleging that his sentence violates Cunningham v. California, 549 U.S. 270 (2007). On January 2, 2009, petitioner

Order of Dismissal
P:\PRO-SE\SJ.Rmw\OTHER\Houston743dismand.wpd

1  received a notice that the superior court issued an "order of court," but petitioner never received
2  a copy of such order. (Pet., p. 4.) Petitioner believes that the order grants him habeas relief.
3  Thereafter, petitioner filed a writ of mandate in both the California Court of Appeal and the
4  California Supreme Court, requesting that they order the Superior Court to discharge him. (Pet.,
5  p. 4-5.)

## DISCUSSION

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). However, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d, 696 699 (9th Cir. 1990).

B.      Writ of Mandamus

The federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff" 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel a federal officer to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986).

The court has no authority to take the actions requested by plaintiff against these defendants by way of a writ of mandamus. Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991). Plaintiff's mandamus remedy, if any, lies in state court.

**CONCLUSION**

Accordingly, plaintiff's petition for a writ of mandamus is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff's application for <u>in</u> <u>forma</u> <u>pauperis</u> status is GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 9/29/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\OTHER\Houston743dismand.wpd   3